**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

STEPHANIE M. AKIN                                                                                               PLAINTIFF

v.                                                        NO. 4:11CV00067 JLH

RLJ-MCLARTY-LANDERS AUTOMOTIVE
HOLDINGS, LLC; MCLARTY LANDERS,
LLC; LANDERS MCLARTY
BENTONVILLE FORD, LLC; and
LANDERS MCLARTY BENTONVILLE, LLC                                              DEFENDANTS

## QUALIFIED PROTECTIVE ORDER

Plaintiff has requested in discovery information and records that may contain medical information on past and present employees of the defendants. The defendants have objected to producing any records or information without a qualified protective order on grounds that the information and documentation sought is confidential, implicates the privacy rights of third parties, and contains federally protected health information, medical information, or both. The parties have agreed that the information, the documentation, or both can be produced only pursuant to a qualified protective order of the Court requiring the defendants to produce the information, the documentation, or both, and protecting the confidential and private nature of the information, the documentation, or both.

It is therefore ordered that the defendants must produce the above-referenced records and information; that the parties to this action may use or disclose the records and information produced only for the specific purpose of this litigation and for no other purpose; that any records filed with the Court must be redacted to the extent feasible to protect the privacy and identities of the past or present employees of the defendants, or that such records may be filed under seal; that the contents of such documentation will not be disclosed to any other individuals or entities other than an expert

witness retained by the plaintiff or by the defendants (if needed) during the course of and for the sole purpose of this litigation; that neither the plaintiff's attorneys nor the defendants' attorneys, nor anyone acting on their behalf or the parties' behalf, shall in any way directly or indirectly transfer or communicate any of the information obtained to any person except for necessary and proper purposes directly related to the litigation; that any person with whom a necessary and proper communication is made will be bound by the terms of this order; and the plaintiff's attorneys and the defendants' attorneys must provide a copy of this order to such persons in receipt of such necessary and proper communications. Furthermore, at the conclusion of this litigation, the plaintiff's attorneys must return to the defendants the originals of the documentation produced and any copies made of those originals.

IT IS SO ORDERED this 23rd day of September, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE